UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 07-408 (DWF/SRN) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| Robert Carl Johnson, | |
| **Defendant**. | |

Michael Dees, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Douglas Olson, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, Minnesota 55415, for Defendant Robert Carl Johnson

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned case comes before the undersigned United States Magistrate Judge on Defendant Robert Carl Johnson's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 20) and Motion to Suppress Statements, Admissions, and Answers (Doc. No. 21).[1]  This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

I.     BACKGROUND

An Indictment was filed on November 8, 2007, charging Defendant with two counts of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). This Court held a pretrial motions hearing on January 14, 2008, at which Defendant orally withdrew his motion to suppress statements based on the Government's representation that

---

[1] The Court will address Defendant's pending non-dispositive motions in a separate Order.

Defendant made no statements to law enforcement officers. As to Defendant's motion to suppress evidence, there was no witness testimony, but the Government introduced an application, affidavit, search warrant, receipt, inventory, and return for 3739 Washburn Avenue North in Minneapolis, Minnesota, as Government Exhibit 1. Defendant asked the Court to review the search warrant for probable cause.

**II.    FACTS**

The following facts are contained in the affidavit of Minneapolis Police Officer Dale Hanson, which he submitted in support of the search warrant. Officer Hanson received information from Detective Frank Giardina of Suffolk County, New York, that on April 20, 2005, Suffolk County detectives and Federal Bureau of Investigation agents seized files of a child pornography website named "Hardcore." An examination of the files revealed Internet Protocol (IP) addresses of members who had logged in to the website. In addition, the files contained approximately 6000 child pornography images and 300 child pornography videos available to members. On July 27, 2005, Detective Giardina performed a forensic evaluation of access logs specifically related to the IP addresses 67.4.144.107 and 67.4.163.200. Subpoenas were issued for these IP addresses, and the results showed that the subscriber was Robert Johnson of 3739 Washburn Avenue North in Minneapolis, Minnesota. Detective Giardina sent the results and other documentation to Officer Hanson, who reviewed the material and determined that nineteen images of child pornography had been downloaded to Defendant's IP addresses. After verifying with the United States Postal Service that Defendant lived at 3739 Washburn Avenue North, Officer Hanson applied for, obtained, and executed the search warrant in June 2006.

**III.   DISCUSSION**

  **A.   Motion to Suppress Evidence Obtained from Search and Seizure**

Defendant argues that the search warrant was not supported by probable cause.  Probable cause exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place."  Illinois v. Gates, 462 U.S. 213, 238 (1983).  When an issuing court relies solely on an affidavit to determine whether probable cause exists for a warrant, the reviewing court may consider "only that information which is found within the four corners of the affidavit . . . in determining the existence of probable cause."  United States v. Leichtling, 684 F.2d 553, 555 (8th Cir. 1982).  The reviewing court "should interpret affidavits for search warrants in a commonsense and realistic fashion, and deference is to be accorded an issuing magistrate's determination of probable cause."  Id.

After reviewing the affidavit in the present case, the Court finds that it established probable cause for the search warrant.  Officer Hanson's affidavit recounted the investigation in detail, including the part of the investigation undertaken by Detective Giardina and Suffolk County law enforcement agents.  Based on the evidence that at least nineteen images of child pornography had been downloaded to IP addresses registered to Defendant, there was a sufficient likelihood that proof of possession of child pornography would be found on computers or other media located in Defendant's residence.

Although eleven months passed between Detective Giardina's forensic evaluation of Hardcore's files and Officer Hanson's application for the search warrant, the information in the affidavit was not stale for two reasons.  First, the investigation was ongoing during the eleven-month time period.  Detective Giardina obtained subpoenas for the IP addresses, initiated contact with Officer Hanson, and sent Officer Hanson information pertaining to Defendant during this

time. Officer Hanson then reviewed the material, determined that nineteen images of child pornography had been downloaded to Defendant's IP addresses, and verified Defendant's address. Second, an offense involving the possession of contraband, such as the possession of child pornography, is continuing in nature, which minimizes the significance of when information was obtained. See United States v. Maxim, 55 F.3d 394, 397 (8th Cir. 1995) (discussing a felon's possession of a firearm).

In conclusion, the Court finds that the search warrant in this case was supported by probable cause. Accordingly, Defendant's motion to suppress evidence seized pursuant to the warrant should be denied.

### B.  Motion to Suppress Statements, Admissions, and Answers

In reliance on the Government's representation that Defendant did not make any statements to law enforcement agents, Defendant orally withdrew this motion at the hearing.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 20) be **DENIED**; and

2. Defendant's Motion to Suppress Statements, Admissions, and Answers (Doc. No. 21) be deemed **WITHDRAWN**.

Dated: January 15, 2008

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 30, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.